**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1245**

NATIONAL LABOR RELATIONS BOARD,

      Petitioner,

     v.

RETRO ENVIRONMENTAL, INC.; GREEN JOB WORKS, LLC,

      Respondents.

-------------------------------------------------------------------------------------

CONSTRUCTION AND MASTER LABORERS' LOCAL UNION 11,

      Intervenor.

On Petition for Enforcement of an Order of the National Labor Relations Board. (05-CA-195809)

Submitted: August 30, 2018            Decided: September 19, 2018

Before MOTZ, Circuit Judge, and TRAXLER and SHEDD, Senior Circuit Judges.

Petition granted by unpublished per curiam opinion.

Peter B. Robb, General Counsel, John W. Kyle, Deputy General Counsel, Linda Dreeben, Deputy Associate General Counsel, Usha Dheenan, Supervisory Attorney, Joel Heller, NATIONAL LABOR RELATIONS BOARD, Washington, D.C.., for Petitioner. Neil E.

Duke, Jennifer L. Curry, BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C., Baltimore, Maryland; Patrick J. Stewart, STEWART LAW, LLC, Annapolis, Maryland, for Respondents.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The National Labor Relations Board (Board) petitions for enforcement of its order granting summary judgment on the Construction and Master Laborers' Local Union 11's complaint alleging that the Respondents, Retro Environmental, Inc. and Green Job Works, LLC, violated the National Labor Relations Act, 29 U.S.C. §§ 151-169 (2012) (NLRA), when they refused to recognize and bargain with the Union after the joint employees elected, and the Board certified, the Union as their representative. Section 8(a)(5) of the NLRA makes it an unfair labor practice for an employer to refuse to bargain collectively with the certified representatives of its employees. 29 U.S.C. § 158(a)(5). The Board has the authority to prevent any unfair labor practice, and the Board has the power to petition any court of appeals of the United States wherein an unfair labor practice occurred for the enforcement of an order issued by the Board. 29 U.S.C. § 160(a), (e) (2012). Upon such a petition, an appellate court may enter a decree enforcing, or modifying and enforcing as modified, or setting aside in whole or in part the order of the Board. 29 U.S.C. § 160(e).

"We review Board decisions with great deference because 'Congress has entrusted the Board with broad discretion to establish procedures and safeguards to insure the fair and free choice of bargaining representatives by employees.'" *MEC Constr., Inc. v. N.L.R.B.*, 161 F. App'x 316, 319 (4th Cir. 2006) (No. 05-1278) (argued but unpublished) (quoting *N.L.R.B. v. Coca-Cola Bottling Co. Consol.*, 132 F.3d 1001, 1003 (4th Cir. 1997)). The Board's "findings of fact are conclusive as long as they are 'supported by substantial evidence on the record considered as a whole.'" *Evergreen Am. Corp. v.*

3

*N.L.R.B.*, 531 F.3d 321, 326 (4th Cir. 2008) (quoting 29 U.S.C. § 160(e)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). While the Board may not base its decision on pure speculation, "it may draw reasonable inferences from the evidence." *Id.* (internal quotation marks omitted). "We will defer to the Board's factual determinations even if we might have reached a different result in the first instance." *Pac Tell Grp., Inc. v. N.L.R.B.*, 817 F.3d 85, 90 (4th Cir. 2016).

We have thoroughly reviewed the record and the relevant legal authorities and conclude that substantial evidence supports the Board's factual findings, and the Board's legal interpretations of the NLRA are rational and consistent with the Act. Accordingly, we grant the Board's petition for enforcement. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*PETITION GRANTED*